LANDFILL 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-007-CV





CITY OF SAN ANTONIO AND COUNTY OF BEXAR,



 APPELLANTS


vs.





TEXAS DEPARTMENT OF HEALTH AND TEXAS WASTE SYSTEMS, INC.,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 91-3062, HONORABLE PETE LOWRY, JUDGE PRESIDING



 




 The City of San Antonio and Bexar County appeal from the district court's final
judgment affirming an order of the Texas Department of Health that granted Texas Waste
Systems, Inc. a landfill operation permit. We will affirm the trial court's judgment.



BACKGROUND


 On December 14, 1990, the Texas Department of Health (the "Department") issued
an order granting to Texas Waste Systems, Inc. ("TWS") a permit to construct and operate a Type
I municipal solid waste landfill. The City of San Antonio and Bexar County (the "Appellants")
both filed original petitions in district court against the Department seeking judicial review of the
Department's order. TWS filed a plea in intervention in both causes. The district court ordered
that the two causes be consolidated. In its final judgment, the district court denied the Appellants'
points of error and affirmed the Department's order granting the permit.

 In four points of error, the Appellants contend that the trial court erred in upholding
various findings of fact and conclusions of law of the Department. As a preliminary matter, they
maintain that the Department and TWS did not follow certain procedural requirements in the
Department's Solid Waste Management Regulations. They further argue that these procedural
errors resulted in substantive deficiencies because TWS was, in effect, discharged from complying
with certain minimum mandatory technical requirements of the regulations. In addition, TWS
brings forth two cross-points, arguing that the trial court did not have jurisdiction to hear
particular aspects of the suit for judicial review.



WAIVERS AND VARIANCES


 In their first point of error, the Appellants argue that it was procedural error for
the Department to grant some fourteen waivers and/or variances requested by TWS. Because
TWS requested the waivers and variances during, instead of before, the agency hearing, the
Appellants contend that the submission of the requests by TWS was untimely, violating notice
requirements. The governing regulation provides in pertinent part:



All of the application and data requirements . . . shall be submitted by a permit
applicant prior to a public hearing on the application; except that the chief of the
bureau, or his designated representative, may temporarily waive any requirement
which he considers not essential to the evaluation of the application or for holding
a public hearing.



25 Tex. Admin. Code § 325.71(b) (1989). The Appellants complain that the order granting the
waivers and variances violated this provision, violated the Administrative Procedure and Texas
Register Act ("APTRA"), Tex. Rev. Civ. Stat. Ann. art. 6252-13a (West Supp. 1993), and
constituted an arbitrary and capricious ruling.

 The provision cited explicitly carves out an exception to the general rule that all
requirements be submitted prior to the hearing: it permits waivers for unessential requirements
but does not specify by what time an applicant must submit such waivers. 

 When an issue involves an agency's construction of an administrative regulation,
we give due deference to the construction placed upon the provision by the agency charged with
its administration. Lone Star Salt Water Disposal Co. v. Railroad Comm'n, 800 S.W.2d 924, 929
(Tex. App.--Austin 1990, no writ). The Department interpreted the rule at issue as allowing
waivers to be granted at the hearing stage. This is certainly a permissible reading of the
regulation. We conclude that the Department was acting within its discretion by determining that
the waivers granted in the present case fall within the regulation's exception, and we further
conclude that the Department acted in conformance with its own regulation.

 The Appellants claim that a conflict between two regulations, sections 325.71(b)
and 325.231, (1) results in a violation of APTRA. They argue that "[t]hese conflicting provisions
are unlawful on their face, especially when applied to the party participants in this case."

 The Appellants' argument is based on their assumption that section 325.71(b)
prohibits variance submissions during public hearings and, therefore, that this section directly
contradicts section 325.231. However, as we discussed in the preceding section, we conclude the
language of that provision permits such submissions. Because no conflict between the two
regulations exists, we conclude the granting of the waivers and variances does not violate
APTRA.

 Additionally, we determine that the Department's order is not arbitrary or
capricious. The Appellants allege that the order is not "based on a consideration of all relevant
factors." However, since the record reflects that the Department granted the order on the basis
of reasoned expert testimony which included discussion of relevant factors, we cannot conclude
that such consideration is arbitrary or capricious.

 The Appellants further contend, in their first point of error, that six of the fourteen
variances granted cause them substantive concern. The Appellants object to the Department's
findings of fact numbers 334a, 334d, 334e, 334f, 334g, 334k and 335. The various subsections
of finding of fact number 334 discuss the regulations for which waivers and variances were sought
and the arguments in favor of granting waivers and variances. Finding of fact number 335 states
that the requests for waivers and variances comply with section 325.71(b) and pose no likelihood
of adverse affects to people or the environment.

 The substantial-evidence rule governs an appeal from an order of the Texas
Department of Health. Browning-Ferris, Inc. v. Texas Dep't of Health, 625 S.W.2d 764, 768
(Tex. App.--Austin 1981, writ ref'd n.r.e.). The substantial-evidence test requires that we must
determine



whether the evidence as a whole is such that reasonable minds could have reached
the conclusion that the agency must have reached in order to justify its action. In
determining whether there is substantial evidence, the reviewing court may not
substitute its judgment for the [agency's], but must consider only the record upon
which the decision is based. The burden is on the complaining party to
demonstrate an absence of substantial evidence.



Texas State Bd. of Dental Examiners v. Sizemore, 759 S.W.2d 114, 116 (Tex. 1988), cert. denied,
490 U.S. 1080 (1989) (citations omitted).

 After reviewing the record, we conclude there is substantial evidence to support
the Department's decision to grant the six waivers and variances. Accordingly, we overrule the
Appellants' first point of error.

 In points of error two and three, the Appellants allege that sufficient evidence does
not exist in the record to support several findings of fact.

 The Appellants maintain, in their second point, that TWS did not meet its burden
at the hearing of demonstrating that the proposed landfill site did not contain or unreasonably
encroach upon a historic site, the location of the Battle of Rosillo. Their allegation misstates the
appropriate standard of review for an APTRA section 19 appeal. The correct test on appeal is the
substantial-evidence test discussed above. After reviewing the evidence in the record, the expert
testimony indicates that the exact location of the battle has not been determined. However, the
record demonstrates that since the proposed landfill site has been a quarry in the past and thus
subject to extensive excavation, any objects of historic importance have most probably been
removed. Moreover, TWS's expert witness testified that the landfill site was approximately two
miles away from the probable location of the start of the battle. Therefore, we conclude that there
is substantial evidence to support the Department's findings of fact that the landfill site is neither
on, nor in close proximity to, an archaeologically or historically significant site. We overrule the
Appellants' second point of error.

 In point of error three, the Appellants argue that there is not substantial evidence
to support the finding that the proposed landfill and zoning are compatible. Testimony by
Wendell Davis, a former city planner for San Antonio, indicates the contrary. Davis testified that
a landfill was compatible with the zoning designation of the property within the landfill site's
vicinity. Although the City of San Antonio's expert witness explained that industrial use at the
proposed landfill site was incompatible with the current zoning and use of the adjacent property,
we conclude that reasonable minds could believe the testimony of Davis and conclude that the use
of the proposed site for a landfill and the zoning designations were compatible. We will not
substitute our judgment for that of the Department. Therefore, we overrule point of error three.

 In point of error four, the Appellants argue that the trial court should not have
upheld the Department's findings that a landfill would result in a reclamation of the quarry site. 
They insist that the findings exceed the authority of the Department because the Department is
prohibited from considering the property's current use and the potential benefits of a landfill. 
However, consideration of current uses and potential of the land is relevant to the determination
of whether to grant a permit to create a landfill. Section 325.74(b)(6)(C) allows the applicant to
show "actual uses . . . both within the site and surrounding the site within one mile of the
boundary of the area to be filled." 25 Tex. Admin. Code § 325.74(b)(6)(C) (1989). 
Furthermore, section 325.74(b)(5)(A) allows the Department to consider "other factors associated
with the public interest." 25 Tex. Admin. Code § 325.74(b)(5)(A) (1989). We again give due
deference to the Department's interpretations of its rules and conclude the Department's findings
do not violate its regulations. We overrule the Appellants' fourth point of error.



TWS'S CROSS-POINTS


 In two cross-points of error, TWS challenges the jurisdiction of the trial court to
determine the merits of the present cause of action.

 In its first cross-point of error, TWS maintains that the Appellants' motion for
rehearing lacks the requisite specificity. The Texas Supreme Court has held that "section 16(e)
[of APTRA] requires that the motion for rehearing be sufficiently definite to apprise the regulatory
agency of the error claimed and to allow the agency opportunity to correct the error or to prepare
to defend it." Suburban Util. Corp. v. Public Util. Comm'n, 652 S.W.2d 358, 365 (Tex. 1983);
United Sav. Ass'n v. Vandygriff, 594 S.W.2d 163, 168 (Tex. Civ. App.--Austin 1980, writ ref'd
n.r.e.). After reviewing the record, we determine that the motion sufficiently apprised the
Department of the alleged error in order that it might correct any error. We conclude the trial
court was not deprived of jurisdiction and overrule TWS's cross-point one.

 In its second cross-point of error, TWS alleges that section 12 of APTRA requires
the Appellants' challenge to the validity of the regulations to be in the form of a declaratory
judgment action. However, in their Original Petitions, the Appellants allege that, by granting
waivers and variances to TWS, the Department exceeded certain minimum mandatory
requirements of the regulations. Since this appeal is not a direct challenge to the validity of an
agency regulation, the Appellants' suit is a valid APTRA section 19 appeal. We overrule TWS's
cross-point two.



CONCLUSION


 We affirm the judgment of the trial court.



 

 Mack Kidd, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: February 10, 1993

[Do Not Publish]

 
1.   Section 325.231 reads in pertinent part, "Requests for variances shall be made a
part of the permit application prior to or at the public hearing." 25 Tex. Admin. Code §
325.231 (1989).